[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff is a corporation which does remodeling and residential construction. The plaintiff and the named defendant entered into a written contract on August 25, 1987 for the plaintiff to do extensive home remodeling work, including adding an addition, on the residential home of the defendants in Orange. The contract called for improvements worth $115,944. The complaint alleges that the plaintiff performed the work, made demand for payment and was not paid. The first count of the complaint is for breach of contract, and the second count is for unjust enrichment. The agreement of August 25, 1987 is the only contract ever entered into by the plaintiff and the named defendant. The defendants have filed a five count counterclaim alleging violation of two statutes, breach of contract and negligent performance of the work by the plaintiff. The third and fifth counts claim violations of section 20-429 of the General Statutes, part of the Home Improvement Act.
The defendants have moved for summary judgment on both counts of the complaint and the third and fifth counts of the counterclaim, relying upon section 20-429, on the ground that the contract is defective and unenforceable because it fails to contain a notice of the defendants-homeowners' cancellation rights in accordance with Chapter 740 of the General Statutes, and does not contain a starting date and completion date.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury Housewrecking Co., 190 Conn. 8, 11. When ruling on a motion for summary judgment part of the court's function is to decide whether any issues of material fact exist. Nolan v. Borkowski, 206 Conn. 495, 500. A summary judgment cannot be granted unless a party is entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242, 247. In this case the Court agrees with the defendants that there is no genuine issue of material fact as to the agreement entered into between the parties and the terms of that agreement. This is clear from the contract which is attached as an exhibit to the motion. Moreover the plaintiff has not filed an affidavit to attempt to raise any material question of fact. It is not enough that there is no factual dispute; CT Page 1972 the moving party must also be entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11.
The defendants rely on a series of cases construing section 20-429, commencing with Caulkins v. Petrillo,200 Conn. 713, 720, where it was held that section 20-429
required a home improvement contract to be in writing in order to be enforceable, and that an oral agreement was not enforceable by a home improvement contractor. Subsequent cases have held section 20-429 bars recovery based on an implied or quasi-contract theory. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 349, 350; Sidney v. DeVries,215 Conn. 350, 354. Quantum meruit and unjust enrichment claims are also barred by the statute. A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 340; Barrett Builders v. Miller,215 Conn. 316, 328. In the absence of an allegation in the complaint that the homeowner has acted in bad faith, the homeowner is allowed to repudiate an agreement which does not comply with the statute. Liljedahl Bros., Inc. v. Grigsby, supra, 350; Barrett Builders v. Miller, supra, 328.
In order to defeat summary judgment the plaintiff claims that there is a genuine issue of material fact as to whether the defendants acted in bad faith in failing to make all the payments called for under the contract. This claim is not adequately raised in the complaint or by an affidavit or other evidence in opposition to the motion for summary judgment. The plaintiff also claims that the contract was basically for the construction of a new house. Section20-419 (4)(a) exempts from the definition of home improvement "the construction of a new home". While the plaintiff did extensive remodeling work on the defendants' house as appears in the contract, a major renovation is not the construction of a new house, and the definition of "home improvement" in section 20-419 (4) includes the kind of work that was done by the plaintiff based upon the contract. The plaintiff has not identified any case exempting major remodeling jobs from the Home Improvement Act.
Nevertheless, a review of the court file and the statute itself indicates that the plaintiff is not entitled to judgment as a matter of law. The contract was signed August 25, 1987. The provisions relied upon by the defendants, namely that a home improvement contract must contain notice of the owner's cancellation rights and a starting and completion date are contained in section 20-429 (a)(6) and (7) C.G.S. These provisions were added to the statute by Public Act 88-269 section 9, effective October 1, 1988, subsequent to the contract. The version of section 20-429 which was in CT Page 1973 effect when the contract was signed provided that "no home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor." It is not claimed by the defendants that the written contract does not meet the version of the statute which was in effect when the contract was signed. Substantive changes in the law are not to be applied retroactively unless the legislature clearly expresses an intention to do so. Moore v. McNamara, 201 Conn. 16, 22; Schaghticoke Indians of Kent, Connecticut, Inc. v. Potter,217 Conn. 612, 616. The 1988 amendments to section 20-429 do not apply to home improvement contracts entered into prior to October 1, 1988. Shaw v. L.A. Socci, Inc., 24 Conn. App. 223,226; Gaudette v. Tolmie, 2 Ct.L.R. 307, 16 Conn. Law Trib. 40, (1990).
If the plaintiff is to prevail in this action it must be based upon an action for breach of the written contract between the parties as there can be no recovery for unjust enrichment. Caulkins v. Petrillo, supra, 720; Barrett Builders v. Miller, supra, 328. Where an express contract exists between the parties there can be no recovery on a theory of unjust enrichment or quantum meruit. Burns v. Koellmer, 11 Conn. App. 375, 385. Under the facts of this case, the second count does not contain a proper cause of action.
The third and fifth counts of the counterclaim are also based on section 20-429. The claim of an unfair trade practice under section 42-110b in the fifth count is based upon noncompliance with section 20-429. Summary judgment cannot be granted for the defendants on those counts for the same reason that it cannot be granted on the first count of the complaint.
The defendants' motion for summary judgment on the first count of the complaint and the third and fifth counts of the counterclaim is denied because the defendants are not entitled to judgment on those counts as a matter of law. The motion for summary judgment on the second count of the complaint is granted.
ROBERT A. FULLER, Judge