## JOHNSON WHOLESALE PERFUME COMPANY
### vs.
## THEODORE SCHWARTZ, ET AL.

Superior Court      New Haven County          File #51510

Present:   Hon. CARL FOSTER, Judge.

Levy & Levy,                    Attorneys for the Plaintiff.

Edward A. Mag,                  Attorney for the Defendants.

## MEMORANDUM FILED JUNE 27, 1936.

FOSTER, J. This case comes before me as a Judge of the Superior Court upon a motion for a temporary injunction.

It appears that the plaintiff operates sixteen stores in New England for the sale of cosmetics, drugs, patent and proprietary medicines, household remedies, biological supplies, drug sundries, toilet articles, make-up and beauty specialties and shaving needs. All of the sixteen stores operated by the plaintiff have very great similarities in appearance, the outstanding similarity being that the front of the store is painted in two tones of the color green.

The defendants were until recently both in the employ of the plaintiff, but both resigned from such employ and opened a store in New Britain where they sell cosmetics, proprietary medicines, toilet articles, tobacco, magazines, newspapers and other articles. Their store in New Britain has a front painted in two tones of green.

The plaintiff claims that the defendants represented that their store was one of the chain of stores owned by the plaintiff, and the plaintiff further claims that the defendants have misrepresented certain articles of merchandise of which the plaintiff has the exclusive sale. From such misrepresentation and the use of the color green and from operating a store similar in appearance to that of the plaintiff, the plaintiff seeks the issuance of a temporary injunction against the defendants pending final hearing by the Court upon the issues to be framed upon the complaint and subsequent pleadings.

The shades of green used by the defendants in decorating their store are not the same shades of green used by the plaintiff for the same purpose. The defendants do not sell articles of which the plaintiff has the exclusive right of sale. The

defendants sell many articles that the plaintiff does not sell. Notwithstanding these facts, if it should appear that the defendants were so conducting their store as to mislead the public into believing that their store was one of a chain of stores operated by the plaintiff, the plaintiff would be entitled to an injunction. Some of the facts introduced in evidence at this hearing lead the trier to seriously question whether the defendants have not gone beyond their legal rights.

Any storekeeper has the right to use green wrapping paper in packing his articles when sold; any storekeeper has the right to use a perfume bar, so-called; any storekeeper has the right to decorate his store in any color that he chooses. When, however, one storekeeper uses so many of the methods adopted by another storekeeper that the combination would deceive the public and mislead the public into believing that the ownership of the store is other than it is, equity will prevent such deception and protect the owner whose asset of good will has been injured.

The defendants have entered into a lease for three years of the store occupied by them and have invested $4500. in the business. It does not appear that anyone has as yet been actually deceived by the defendants into believing that their store is one of the chain of stores of the plaintiff. While I recognize that this is not such a case that actual damage must be proved, nevertheless, acting as a Judge of a court of equity, I must not render such a decree on this preliminary motion as would cause damage to the defendants disproportionate to any damage the defendants may cause to the plaintiff by a denial of the relief here sought.

This case is returnable to the September Term, 1936 and a speedy trial upon issues duly closed may be obtained. No great injury can occur to the plaintiff by reason of the action of the defendants before such trial is secured. Great and serious injury might be done to the defendants if a temporary injunction were granted.

Upon the fact of the evidence I cannot refrain from pointing out two matters. First, some acts of the defendants come very close to what equity considers unfair competition. Second, the plaintiff, with a very large central warehouse and office in Hamden from which are supplied and directed sixteen stores in different parts of New England, cannot expect a court of equity to aid it in shutting out the legal and just competition

of the man with small capital endeavoring to make an honest livelihood.

This memorandum is written and filed without prejudice to the plaintiff or the defendant to make such claims in pleadings and in evidence upon the trial of the case upon its merits before the Court as the facts in their opinion justify.

The motion for a temporary injunction is denied.