[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#149) CT Page 4054
On March 20, 1991 the plaintiff, Ibsen Brothers, Inc. ("Ibsen"), filed an amended complaint in three counts to recover damages from the defendants, David C. Goldman, a/k/a C. David Goldman and June Goldman ("Goldmans"), under the theories of breach of contract, quantum meruit and unjust enrichment. Also asserted in each of the counts is a claim of bad faith conduct on the part of the defendants. This lawsuit arises out of a dispute between Ibsen and the Goldmans over the terms under which Ibsen would perform alterations to the kitchen, family room and related areas of the Goldmans' home located at 396 St. Ronan Street, New Haven, Connecticut.
The defendants filed an answer, special defenses and counterclaim. The special defenses, seven in number, collectively assert: that there is no enforceable agreement between the parties pursuant to the requirements of General Statutes 20-429, that the workmanship and/or materials supplied were defective, and that fair value has already been paid for work performed and materials furnished. In the same pleading defendants have asserted two counterclaims, which are not at issue in this motion. The plaintiff has denied each of the defendants' seven special defenses.
On November 10, 1992, the defendants moved for summary judgment on all three counts of plaintiff's amended complaint with supporting affidavits and a memorandum of law, claiming (1) that the underlying contract was unenforceable pursuant to the requirements for a valid contract under General Statutes 20-429, the Home Improvement Act, and (2) that plaintiff's allegation of bad faith is without merit.
Plaintiff responded with a lengthy memorandum of law and numerous exhibits contending that there are material issues of fact regarding (1) whether there exists a valid written contract satisfying the requirements of the Home Improvement Act, (2) whether defendants acted in bad faith, and (3) whether defendants are estopped from invoking the protection of the Home Improvement Act.
In response, defendants filed a reply memorandum in which they dispute plaintiff's contention that material facts exist and CT Page 4055 reiterate their earlier arguments.
Summary judgment may be granted under 384 of the Connecticut Practice Book "when all the documents submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). Although the party seeking summary judgment has the burden of showing the non-existence of any material fact: Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991); "it is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116
(1990). "The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982).
The issue before the court with respect to the first count, which sounds in breach of contract, is a claim by the defendants that the "contract," which the plaintiff claims the defendants breached, does not satisfy the requirements of General Statutes20-429, the Home Improvement Act, and that there is no genuine issue of material fact with regard to that claim.
The Home Improvement Act, General Statutes 20-418 through20-432, sets forth the requirements applicable to a home improvement contract in 20-429(a):
 No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's CT Page 4056 cancellation rights . . ., (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of the contract shall be in writing, and shall be signed by the owner and contractor. . .
"The language of 20-429(a) is clear and unambiguous . . . The use of the word `no' in the statute is self-explanatory. The use of the word `shall' by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." Caulkins v. Petrillo, 200 Conn. 713, 717 513 A.2d 43 (1986). It is implicit in the statute and in the holding of Caulkins that the parties must enter into a signed, written agreement, otherwise the contract is unenforceable by the building contractor.
Both parties submitted affidavits. The affidavit of defendant David Goldman states that he received a written estimate from Ibsen for renovations and repairs to his home but at no time did he enter into any written agreement. Defendant June Goldman likewise submitted an affidavit and amended affidavit also declaring that she received the written estimate and did not sign it. In his affidavit, Donald Wimble, president of Ibsen, states that he presented the Ibsen form of contract, which he had signed, to the Goldmans for signature. Wimble further avers that although the Goldmans did not return a signed copy, they nevertheless asked Ibsen to begin renovations. As an exhibit, both parties attach the same document which the Goldmans characterize as a "written estimate" and Wimble calls Ibsen's "form of contract."
A review of the alleged contract and the other documentary evidence submitted by both parties shows that there is no genuine issue with respect to the fact that the alleged contract was not signed by the owner; that it did not contain the entire agreement between the owner and the contractor; that it did not contain a notice of the owner's cancellation rights; and that it did not contain a starting and completion date. The "contract" clearly does not satisfy the mandatory requirements of 20-429(a).
In Habetz v. Condon, 224 Conn. 231, 236 ___ A.2d ___, (1992), the court affirmed its dictum in Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990): CT Page 4057
 that a home improvement contractor, in suing for breach of a contract that violates 20-429 can avoid the normal bar to his pursuit of such a cause of action by proving that the homeowner invoked, in bad faith, the contractor's statutory violation as a basis for his own repudiation of the contract.
Noting language in Barrett stating that a homeowner is privileged, in the absence of an allegation of bad faith, to repudiate a contract that violates the requirements of the Home Improvement Act, the court in Glen Gate Co., v. Discoll, 6 CTLR 386 n. 1 (May 4, 1992, Katz, J.) stated that "[a]n allegation of bad faith will entitle a plaintiff builder to seek recovery in quantum meruit but does not save the contract from being void.
Since the contract in this case does not comply with the requirements of 20-429 and is thus void, recovery on the contract is not available to the plaintiff notwithstanding the plaintiff's allegation of the defendants' bad faith in raising the plaintiff's failure to comply with 20-429. Therefore, any right to recovery by the plaintiff is limited to non-contractual theories, i.e., quantum meruit or unjust enrichment, and the defendants' motion for summary judgment as to count one, which sounds in breach of contract, is granted.
As indicated above, the second and third counts allege theories of recovery based on quantum meruit and unjust enrichment. The Connecticut Supreme Court has stated that, "absent proof of bad faith on the part of the homeowner, 20-429
permits no recovery in quasi-contract by a contractor who has failed to comply with the statute's written requirement." A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 340,576 A.2d 464 (1990), quoting Barrett Builders v. Miller, supra 328; Sidney v. Devries, 215 Conn. 350, 354, 575 A.2d 228 (1990). Thus, the question raised by the defendants' motion for summary judgment as to counts two and three in the present case is whether there is anything contained in the pleadings and documentary evidence filed by the parties which shows that there is a genuine issue of fact with respect to whether the defendants acted in bad faith.
Bad faith in general implies both "actual or constructive fraud or design to mislead or deceive another, or neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Habetz v. Condon, 224 Conn. 231, CT Page 4058 237, ___ A.2d ___ (1992), quoting Black's Law Dictionary (5 Ed. 1979).
Although it has been held that bad faith on the part of the actor is a question of fact for the trier; Warner v. Konover,210 Conn. 150, 156, 553 A.2d 1138 (1989); in order to establish bad faith the plaintiff must show the existence of a dishonest purpose. Habetz, supra; Hartford National Bank Trust Co., v. Credenza, 119 Conn. 368, 371-72, 177 A.2d 132 (1935). In deciding the instant motion the court cannot rely on the mere assertion of bad faith, for that alone is insufficient to establish the existence of a material fact. There must be conduct which tends to show a dishonest purpose on the part of the defendants. Daily v. New Britain Machine Co., 200 Conn. 562,569, 512 A.2d 893 (1986).
By affidavit and pleading, the plaintiff directs attention to the following conduct which it characterizes as bad faith on the part of the defendants: (1) that the defendants held their copy of the written estimate which Wimble submitted for their signature (thereby implying that David Goldman, who is an attorney, knew of the Home Improvement Act and held on to the written estimate for a dishonest purpose), (2) that the defendants asked plaintiff to commence renovations, which request misled plaintiff to believe the written estimate had been signed, (3) that the defendants continued to accept work and materials, and (4) that the defendants refused to pay the final balance of $62,103.36. In his deposition testimony the defendant David Goldman stated that he was a corporate attorney and was not familiar with the Home Improvement Act.
In a recent case decided by the supreme court, Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, ___ A.2d ___, (1992), the court upheld the trial court's granting of defendants' motion for summary judgment on the ground that the plaintiff had not provided any evidence to show that defendants had acted in bad faith in invoking the plaintiff's failure to comply with the Home Improvement Act. The court noted that the plaintiffs had failed to allege or to submit proof that the defendants, whose New York attorneys and architects drew up the contract, knew of a technical defect in the contract and affirmatively concealed or induced plaintiff to sign so as to be in a position to utilize the act's protection. In so holding the court stated: CT Page 4059
 [t]he fact that the defendants had their architect and New York attorneys draft the contract does not in an of itself indicate bad faith on the part of the defendants. There is no allegation or proof that the attorneys intentionally omitted this requirement in order to have an escape hatch. At most, the New York attorneys were negligent in failing to consult Connecticut law and to include the required clause in the contract. An honest mistake does not rise to the level of bad faith.
Id., 248-49.
Like the defendant in the Wadia case, the Goldmans have paid for renovations in the amount of $112,000.00, well above the written estimate of $85,000.00 to $100,000.00, but have refused to pay the final installment because, as asserted in their special defenses, the workmanship was defective and faulty and further, the plaintiff was compensated for the full value of any benefit bestowed.
The plaintiff has not established any facts tending to show that it was bad faith on the part of the defendants which caused them not to sign the written estimate, allowed construction to continue and refused to pay the balance plaintiff claims is due. "[W]ith respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Citation omitted.) Wadia, supra, 250. The plaintiff's bare assertion that the defendants acted in bad faith simply because the defendant David Goldman is an attorney, as well as the other conduct claimed to show bad faith, are claims unsubstantiated by the evidence and fail to present the necessary factual predicate to raise a genuine issue as to the defendants' bad faith. Accordingly, the defendants' motion for summary judgment on counts two and three is granted.
Finally, plaintiff argues in its memorandum that there is a genuine issue of fact as to whether the defendants, because of their conduct, are estopped from claiming that they are not required to pay the plaintiff the balance owed. In support of its argument, plaintiff claims that the defendants hired the plaintiff to perform the renovations, and continued to observe, supervise and direct the work performed by the plaintiff without telling plaintiff to stop work, or that they were not going to CT Page 4060 pay the plaintiff without a written contract. Further, the fact that payments had been made at various times substantiated plaintiff's belief that those payments would continue for the work performed.
In a footnote to Wadia, the court, without deciding the applicability of the plaintiff's equitable estoppel claim, noted that the plaintiff had "failed to demonstrate the factual predicate necessary to sustain an action under the doctrine of equitable estoppel." Wadia Enterprises, Inc. v. Hirschfeld, supra, 252 n. 7.
The court further noted that:
 [Equitable] estoppel is predicated on proof of two essential elements; the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. [Additionally,] it is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge.
(Citations omitted; internal quotation marks omitted.) Id.
It is the opinion of the court that even if the defendants induced the plaintiff to believe that they had signed the contract by asking the plaintiff to begin renovations, and even if the plaintiff relied on the fact that the periodic payments made by the defendants insured the contract's validity, the plaintiff has failed to offer any evidence that it exercised due diligence in ascertaining whether the defendants had signed and accepted the contract, or that it lacked a convenient means of acquiring that knowledge.
Furthermore, as the court in Wadia stated: "[W]e cannot apply the doctrine of equitable estoppel in a case in which the party requesting relief claims ignorance of the laws governing his own profession, when such ignorance of the law is the primary cause of his need for relief." (Citation omitted.) Wadia, supra, 253, n. 7. CT Page 4061
Although the Supreme Court has not yet decided the applicability of an equitable estoppel claim to the protection afforded homeowners under the Home Improvement Act, the plaintiff has, nevertheless, failed to establish the necessary factual predicate to sustain an action under the doctrine of equitable estoppel as outlined in Wadia. Accordingly, for the reasons above stated, the defendants' motion for summary judgment is granted.
William L. Hadden, Jr., Judge