[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 22, 1994 the plaintiff, Town and Country Pools, Inc., filed a one count complaint against the defendants, Alan Schiller, Regina Dagata Schiller, and Mount Sinai School of Medicine seeking, inter alia, foreclosure of a mechanic's lien. The plaintiff alleges that it furnished materials and rendered CT Page 5704 services in the installation, upkeep and servicing of an in-ground swimming pool. The plaintiff alleges further that the services were to be performed at the time period beginning October 31, 1991 and ending September 15, 1992.
The plaintiff seeks to foreclose a mechanic's lien in the amount of $6,002.14 filed with the Town Clerk of New Canaan on December 11, 1992. Additionally, the plaintiff claims immediate possession of the premises, foreclosure by sale, attorney's fees, costs and damages. On November 16, 1993, the plaintiff filed a lis pendens with the Town Clerk of New Canaan.
On December 6, 1993, the defendants gave notice that the lien was invalid. On January 3, 1994, the defendants filed a motion to discharge the mechanic's lien pursuant to General Statutes § 49-35b(1)(c). The defendants, in their counterclaim, seek attorney's fees and weekly damages pursuant to General Statutes § 49-51.
On January 21, 1994, the defendants filed an answer with special defenses and a counterclaim for a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). On March 1, 1994, defendants filed a supplemental reply brief. On March 2, 1994, the plaintiffs filed a reply to the defendants' special defenses and counterclaim. On March 17, 1994, the defendants filed a motion for summary judgment (#110) with an accompanying memorandum of law. On March 31, 1994, the defendants filed the affidavit of Regina Schiller in support of their motion for summary judgment.
General Statutes § 49-35b(a) provides that before a lien can be upheld, the lienor must establish probable cause to sustain the validity of the lien. Newtown Associates v.Northeast Structures, Inc., 15 Conn. App. 633, 636, 546 A.2d 310
(1988). The probable cause standard under § 49-35b(a) is the same as that required under the prejudgment remedy statute, §52-278a, et seq. Pero Building Co. v. Smith, 6 Conn. App. 180,182-83, 504 A.2d 524 (1986). It requires proof of a bona fide belief in the existence of facts essential under the law for the action that would give a reasonable person a belief in entertaining it. Id. The trial court "must weigh . . . the documentary proof submitted by both parties." (Citations omitted.) There cannot be probable cause without some evidence of consent or agreement. Connecticut Light Power Co. v.CT Page 5705Dicesare-Bently Engineers, Inc., 3 Conn. L. Rptr. 174, 175 (January 18, 1991, Ryan, J.)
The defendants argue that the plaintiff has failed to discharge the lien even though more than 30 days have elapsed since statutory notice was given under § 49-35b(1)(c). The defendants argue that the lien should be discharged because the contract in this case was a home improvement contract and the plaintiff was not registered as a home improvement contractor in Connecticut in violation of General Statutes § 20-429 (a)(8). The defendants also argue that the home improvement contract was invalid because it was not signed by the owner in violation of § 20-429 (2) and it did not specify a starting or completion date in violation of § 20-429 (7). The defendants also allege a lack of good faith in the filing of a mechanic's lien and request statutory damages and attorney's fees pursuant to General Statutes § 49-51.
The plaintiff also argues in its brief that its agent, James McMurray, was individually licensed as a Connecticut home improvement contractor and that it was a licensed home improvement contractor in New York. The plaintiff also argues that it is currently registered as a home improvement contractor in Connecticut. Thus, the plaintiff argues that at least one of these satisfies the statutory requirements of § 20-429(a)(8).
The plaintiff also argues that Alan Schiller acknowledged his signature on the contract. Plaintiff argues further that the contract can be interpreted to have a starting date and completion date. The plaintiff argues that the issuance of a building permit it provides the starting date. The plaintiff argues further that the contract clause that provides for completion within 150 days of commencement barring unforeseen delays, provides the completion date. Finally, the plaintiff argues that the lien encompasses pool service after construction that is not within the ambit of the statute and not subject to defendants' legal arguments.
General Statutes § 20-419 (4) lists the services covered by the Home Improvement Act ("HIA") which includes, "the construction . . . of . . . swimming pools." General Statutes § 20-429 (a) provides in pertinent part:
 No home improvement contract shall be valid or enforceable against an owner unless it: . . . (2) is signed CT Page 5706 by the owner and the contractor, . . . (7) contains a starting date and a completion date, . . . (8) is entered into by a registered salesman or registered contractor.
"The language of § 20-429 (A) is clear and unambiguous. . . . The use of the word `no' in the statute is self-explanatory. The use of the word `shall' by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." (Citations omitted.) Caulkinsv. Petrillo, 200 Conn. 713, 717, 513 A.2d 43 (1986). "It is implicit in the statute and in the holding of Caulkins that the parties must enter into a signed, written agreement, otherwise the contract is unenforceable by the building contractor." IbsenBrothers v. Goldman, 8 CSCR 497 (April 21, 1993, Hadden, J.)
It is permissible for a corporation which performs home improvement services to be unregistered if the individual owner of the corporation is registered. Del Prete v. RR ConstructionCompany of New Canaan, Inc., 4 CSCR 101 (December 14, 1988, Dean, J.). A contractor who is not registered cannot recover for home improvement services performed and cannot be held to have established probable cause as to the validity of a mechanic's lien. Douglas v. White, 7 CSCR 1350, 1351 (November 1, 1992, Hodgson, J.). Absent bad faith on the part of the homeowner, § 20-429 permits no recovery by a contractor who has failed to comply with the statute's requirements. Ibsen Brothers v. Goldman, 8 CSCR 497, 498 (April 21, 1993, Hadden, J.)
In the present case, the plaintiff has submitted documentary evidence in support of the mechanic's lien. Exhibit 2 is a copy of James McMurray's registration as a home improvement contractor effective January 12, 1994. Exhibit 4 is a copy of Town and Country Pool's, Inc. registration as a home improvement contractor, effective January 5, 1994. Exhibit 5 is a copy of the alleged contract.
The plaintiff has demonstrated only that it and one of its agents, James McMurray, have recently registered as home improvement contractors. No proof has been introduced to establish that either the corporation or McMurray was a registered home improvement contractor at the time that the plaintiff and the defendants entered into the alleged contract and that neither the corporation nor McMurray complied with General Statutes § 20-429 (a)(8). CT Page 5707
Alan Schiller signed only the buyer cancellation provisions of he contract, but not the contract itself. The alleged contract was not signed by any of the defendants nor did it contain an express statement of the starting and completion dates of the pool construction. The plaintiff has failed to comply with General Statutes § 20-249 (a)(2) and (7). As to the plaintiff's argument that the lien encompasses pool service not covered by the home improvement statute, the plaintiff has not demonstrated proof of an agreement or consent to such services other than the unenforceable contract.
The court finds that the plaintiff has not complied with the provisions of the HIA. Thus, the court grants the defendant's motion to discharge. See Douglas v. White, supra.
The defendants argue also that the lien was filed without just cause and that the court should award the defendants damages and attorney's fees pursuant to General Statutes § 49-51
which provides:
 If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge . . . which loss shall include . . . a reasonable attorney's fee. . . .
"An award of damages pursuant to General Statutes § 49-51
is discretionary." Huckabee Plumbing v. Falco, Superior Court, Judicial District of Bridgeport, Docket No. 279913 (April 9, 1991, Thim, J.).
At short calendar on March 5, 1994, this court heard argument regarding the defendants' motion for summary judgment on their special defenses and counterclaim.
In their first special defense, the defendants argue that at the time they entered into the contract with the plaintiff, the plaintiff was not licensed under the HIA and thus, the contract is void and unenforceable. In their second special defense the defendants argue that the contract was not signed by the owner and thus, it is void under the HIA. In the third special defense the defendants argue that the contract did not contain a starting and completion date as required by the HIA and is void for this reason. In their counterclaim the defendants argue that the plaintiff has violated CUTPA. The defendants' arguments on their CT Page 5708 special defenses are essentially the same as the arguments in support of the motion to discharge the plaintiff's mechanic's lien.
"[A]ny party may move for summary judgment at any time. . ." Practice Book § 379; see Engman v. Laschever,9 Conn. L. Rptr. 1312 (June 28, 1993, Hennsesey, J.). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; see Leesv. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991).
The previous analysis on the motion to discharge the mechanic's lien also applies to the defendants' motion for summary judgment. The plaintiff failed to comply with General Statutes § 20-249 (a)(2), (7) and (8). The contract is void under the HIA and there is no issue of fact. The defendants, motion for summary judgment is granted as to the plaintiff's complaint.
DEAN, J.