RICHARD C. CAULKINS *v.* JOHN P. PETRILLO ET AL.
(12691)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued April 3—decision released August 5, 1986

*Kerin M. Woods,* with whom, on the brief, was *William R. Carapezzi, Jr.,* for the appellant (plaintiff).

*Leeland J. Cole-Chu,* for the appellees (defendants).

ARTHUR H. HEALEY, J. The dispositive issue[1] on this appeal is whether the enforcement of an oral contract for home improvements is barred by the provisions of General Statutes § 20-429[2] requiring that home improvement contracts be in writing.

In April, 1981, the defendants, John P. Petrillo and Angelina Petrillo, entered into a signed[3] written agreement with the plaintiff, Richard C. Caulkins, whereby the plaintiff was to furnish materials and render services in connection with the remodeling and renovation of the defendants' East Lyme home. The document outlined the work to be done, the materials to be provided, and estimated the cost of completion to be $84,687.41.

---

[1] Because of our disposition of this appeal, we need not address the plaintiff's second claim that his revised amended complaint alleges full performance of the contract.

[2] General Statutes § 20-429 provides: "CONTRACT TO BE IN WRITING. OWNER TO RECEIVE COPY. REQUIRED PROVISIONS. (a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor.

"(b) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the time such contract is executed.

"(c) The commissioner may, by regulation, require the inclusion of additional contractual provisions."

General Statutes § 20-429 took effect July 1, 1980, nine months before the written contract between the plaintiff and the defendants. Public Acts 1979, No. 79-606, §§ 2, 14. The statute is part of chapter 400, the Home Improvement Act. General Statutes § 20-418.

Section 20-419 (5) defines a "home improvement contract" as "an agreement between a contractor and an owner for the performance of a home improvement." The Home Improvement Act contains restrictions on the definition of a "contractor" (§ 20-419 [3]), an "owner" (§ 20-419 [6]), and a "home improvement" (§ 20-419[4]) that are not pertinent to this case.

[3] The agreement was signed by Richard C. Caulkins and John P. Petrillo, individually and as agent for Angelina Petrillo.

The plaintiff undertook to provide services pursuant to this contract.

On August 1, 1981, the plaintiff submitted to the defendants a revised proposal which indicated that the actual cost of the work would exceed the original price. The revised proposal calculated the total cost to be $117,470.57. The plaintiff alleged that the higher cost resulted from oral requests by the defendants for extra items. He further claims that the defendants had orally consented to the revised proposal and had agreed to pay this higher amount.

After the defendants had paid in excess of $107,000 to the plaintiff, a dispute arose over the scope, quality, and cost of the plaintiff's work. On December 1, 1981, the plaintiff filed a mechanic's lien on the defendants' property claiming that, under the contract, the defendants still owed him $10,057.80. In November, 1982, the plaintiff filed a complaint requesting foreclosure of the lien, possession of the defendants' premises, and damages. Later, the plaintiff filed a revised amended complaint. Thereafter, the defendants moved to strike the plaintiff's revised amended complaint for failure to state a cause of action because, inter alia, to be valid, home improvement contracts under General Statutes § 20-429 must be in writing. On November 6, 1984, the trial court, *Conway, J.,* granted the defendants' motion on this ground. The court ruled that the August 1, 1981 document was not a valid contract because there was no written indication that the defendants had agreed to its submission by the plaintiff. The plaintiff did not thereafter amend his revised amended complaint and judgment was entered against him. The plaintiff filed this appeal from the judgment. We find no error.

On appeal, the plaintiff contends that the trial court erred in concluding that the enforcement of an oral

home improvement contract that has been fully performed by the contractor and partially performed by the homeowner is barred by the provisions of General Statutes § 20-429. The plaintiff argues that § 20-429 is a special statute of frauds provision for home improvement contracts similar to the statute of frauds embodied in General Statutes § 52-550.[4] The plaintiff claims that, because of this similarity, § 20-429 should be construed to apply the doctrine of full performance,[5] which operates to take a contract out of the provisions of § 52-550.

" 'It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of the legislature.' " *DeFonce Construction Corporation* v. *State,* 198 Conn. 185, 187, 501 A.2d 745 (1985), quoting *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); 2A Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. " ' "It has

---

[4] General Statutes § 52-550 provides: "STATUTE OF FRAUDS; WRITTEN AGREEMENT OR MEMORANDUM. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof.

"(b) This section shall not apply to parol agreements for hiring or leasing real property, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of the term."

[5] Under Connecticut law, it has long been held that full performance by both parties to an oral contract and, in some circumstances, part performance by a party seeking to enforce a contract will operate to remove a contract from the provisions of the statute of frauds, General Statutes § 52-550. See, e.g., *Breen* v. *Phelps,* 186 Conn. 86, 439 A.2d 1066 (1982); *Rutt* v. *Roche,* 138 Conn. 605, 87 A.2d 805 (1952); see 1 Restatement (Second), Contracts §§ 128 through 130, 145.

often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say." ' " *Hayes* v. *Smith,* 194 Conn. 52, 57–58, 480 A.2d 425 (1984); *Wiegand* v. *Heffernan,* 170 Conn. 567, 581, 368 A.2d 103 (1976); *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975); *Sillman* v. *Sillman,* 168 Conn. 144, 148, 358 A.2d 150 (1975). "Where the language used is clear and unambiguous, we will not speculate as to some supposed intention." *Hayes* v. *Smith,* supra, 158. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a).

The language of § 20-429 (a) is clear and unambiguous: "No home improvement contract shall be valid unless it is in writing . . . ." The use of the word "no" in the statute is self-explanatory. The use of the word "shall" by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive. See, e.g., *Hossan* v. *Hudiakoff,* 178 Conn. 381, 383, 423 A.2d 108 (1979); *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972). We note that § 20-429 uses the terms "shall" in subsection (a) and "may" in subsection (c). "The words 'shall' and 'may' must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings. *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 428–29, 226 A.2d 380 [1967]; *Blake* v. *Meyer,* 145 Conn. 612, 616, 145 A.2d 584 [1958]." *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978); *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 505, 503 A.2d 1161 (1986). "Valid" is defined by Webster's New International Dictionary as, "having legal strength or force . . . . " Read literally, then, it is clear

that the plain language of the statute does not provide an exception to the requirement that home improvement contracts be in writing.

The plaintiff claims that this court should imply an exception to § 20-429 for agreements that have been fully performed by the contractor, arguing that this statute is a special statute of frauds provision for home improvement contracts. We do not agree.

The legislature is presumed to act in view of existing relevant statutes and with the intention of creating one consistent body of law. *State* v. *West,* 192 Conn. 488, 494, 472 A.2d 775 (1984); *Vartuli* v. *Sotire,* 192 Conn. 353, 362, 472 A.2d 336 (1984); *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 230, 439 A.2d 946 (1981). The full and part performance doctrines of the statute of frauds are principles of common law liability well settled long before the enactment of § 20-429. See *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 249, 137 A. 769 (1927); *Haussman* v. *Burnham,* 59 Conn. 117, 133, 22 A. 1065 (1890). The legislature is presumed to have been mindful of these interpretations of the statute of frauds when it enacted § 20-429. See *State* v. *West,* supra.

It is true that, in some instances, a statute, general in its terms, may be construed to admit implied exceptions. *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 669, 25 A.2d 50 (1942). However, "this interpretation is made only when the intent of the legislature is clear notwithstanding the literal sense and precise letter of the statute." *Sienkiewicz* v. *Sienkiewicz,* 178 Conn. 675, 687, 425 A.2d 116 (1979) (*Loiselle, J.,* dissenting); *Busko* v. *DeFelippo,* 162 Conn. 462, 471, 294 A.2d 510 (1972). " '[I]n the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated . . . .' " *Hayes* v. *Smith,* supra; *Point O'Woods Assn., Inc.* v. *Zoning Board of*

*Appeals,* 178 Conn. 364, 366, 423 A.2d 90 (1979). More-over, courts should not imply exceptions to a statute which the legislature did not prescribe by word or impli-cation. *Sienkiewicz* v. *Sienkiewicz,* supra, 687–88. If the legislature had wanted the writing requirement for home improvement contracts to be subject to the same doctrines that apply to the statute of frauds, it could easily have added the appropriate provision to § 52-550 instead of enacting § 20-429, or, in the alternative, the legislature could have expressed an intent to apply these doctrines to § 20-429. That the legislature did nei-ther supports our conclusion that it intended no excep-tions.

The plaintiff argues that the legislature could not have intended the statute to create a bar to the enforce-ment of an oral home improvement contract which has been fully performed by the contractor. Even though the statute is unambiguous, we briefly will address the plaintiff's claim. The plaintiff, without referring us to any specific legislative comment, claims that the legis-lative history of General Statutes § 20-429 supports his position. The legislative history of the statute, however, does not reveal any intention on the part of the legis-lature to qualify or limit the effect of the statute as the plaintiff suggests. Quite the contrary, the legislator reporting the bill stated that "the act *requires* that *every* home improvement contracts [sic] as defined in this piece of legislation be in *writing* [and] contain the *entire* agreement between the owner and contractor . . . ." (Emphasis added.) 22 H. R. Proc., Pt. 33, 1979 Sess., p. 11, 621, remarks of Representative William P. Candelori. Additionally, the same legislator, in com-menting on the purposes of the bill, stated: "The pur-pose of the bill is to provide minimal, and I stress minimal, safeguards for the consumer who contracts for home improvement work to be done on or in the home." Id., 11, 613. The problems the bill addresses

include contractors' workmanship, diligence, substitution of inferior materials, high costs, and *extra charges.* Id., 11, 614. The legislative history does not avail the plaintiff; it makes no express or implied mention of an exception to the writing requirement for contracts which have been partly or fully performed by the contractor. Consequently, in the absence of any legislative intent to qualify or limit the effect of the statute, this court will not "speculate upon any supposed intention not appropriately expressed in the act itself." *Colli* v. *Real Estate Commission,* supra.

It is apparent that this law was passed for the protection of the public and that the remedial purposes of the statute would be undermined if this court were to permit a contractor to enforce an oral contract on the grounds claimed. For example, if a home improvement contractor could, without a written contract, perform certain work and then allege an oral agreement for precisely the same work alleged to have been fully performed, the purpose and clear intent of § 20-429 would be thwarted. We must presume, in the absence of any indication to the contrary, that the legislature intended the statute to be interpreted exactly as it is written; that is, "[n]o home improvement contract shall be valid unless it is in writing . . . ."

We conclude, therefore, that the trial court did not err in granting the motion to strike.

There is no error.

In this opinion the other justices concurred.