[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted this action for the alleged failure of the defendant to pay to it a $7,412.50 balance due on a total bill of $23,412.50 for work performed at the defendant's "premises known as 277 Cider Brook Road, Avon." The defendant filed an answer and three special defenses which alleged first, that the action is barred because there was no written contract between the parties in violation of Conn. Gen. Stat. Sec. 20-429; second, that the action is barred because the plaintiff was not registered as a home improvement contractor in May or June of 1988; and third, that any work performed by the plaintiff was done "in an unworkmanlike fashion and in breach of the implied warranty of merchantability." The defendant also filed a two-count counterclaim. The plaintiff replied to the counterclaims and CT Page 4842 special defenses on November 16, 1989, thereby closing the pleadings. On September 6, 1990 the defendant moved for summary judgment as to liability only on the grounds asserted in his first special defense. The defendant has filed a memorandum of law and a supporting affidavit.
On November 9, 1990, the plaintiff filed a memorandum in opposition to the defendant's motion accompanied by a supporting affidavit and exhibits. The parties' arguments were heard by the Court on November 13, 1990.
DISCUSSION
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book Sec. 384 (rev'd to 1978, as updated October 1, 1990); see Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11 (1983). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500
(1988). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan,206 Conn. at 500. The Court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49 (1986); see Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984).
The defendant argues that the plaintiff is barred from recovery because there exists no written contract between the parties as required by Conn. Gen. Stat. Sec. 20-429, (a provision of the Home Improvement Act). The plaintiff claims that the provisions of the Home Improvement Act do not apply to these premises because the defendant, an interior decorator, was remodeling the house for resale so that the work done was not a "home improvement" as defined in Conn. Gen. Stat. Sec. 20-419 (4).
Pursuant to Conn. Gen. Stat. Sec. 20-429 (a), "[n]o home improvement contract shall be enforceable against an owner unless it: (1) is in writing. . ." The Connecticut Supreme Court has held that section 20-429 bars recovery on an oral home improvement contract which has been fully performed by CT Page 4843 the contractor, Caulkins v. Petrillo, 200 Conn. 718 (1986), as well as recovery under a quasi-contractual theory. Barrett Builders v. Miller, 215 Conn. 316 (1990).
Conn. Gen. Stat. Sec. 20-419 (4) defines the term "home improvement." Section 20-419 (4)(C) provides, "`[h]ome improvement' does not include. . . (C) the sale of goods or services furnished for commercial or business use or for resale." Section 20-419 (5) provides, "`[h]ome improvement contract' means an agreement between a contractor and an owner for the performance of a home improvement."
In his affidavit, Brian Daigle, the president of the plaintiff corporation, states that he has been employed by the plaintiff for the past fifteen years and "during that time the Defendant was in the business of interior decorating and buying homes and refinishing them for resale." The affidavit states that "[t]he house in question was being refurbished by . . . [the defendant] for resale."
The affidavit further states that all business with the defendant was done at his place of business in West Hartford, that the defendant's home was in Farmington and that the plaintiff had in the past done work for the defendant at his residence in Farmington. The plaintiff attached as exhibits copies of invoices for work allegedly performed for the defendant at his residence as well as at "different locations where the Defendant was the interior decorator, or was refurbishing homes for resale."
The issues raised by the plaintiff of whether the defendant is in the business of refinishing and reselling houses and, ultimately whether the work which the plaintiff performed was "furnished for commercial or business use or for resale" so as not to be a "home improvement" subject to Section 20-429 are material issues of fact which cannot be resolved by means of a summary judgment motion. Accordingly, the defendant's motion for summary judgment is denied.
SCHEINBLUM, J.