[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION TO CONFIRM ARBITRATION AWARD IN FAVOR OF PLAINTIFF AND VACATE ARBITRATION AWARD IN FAVOR OF DEFENDANT
The underlying contract in this matter was for an addition and alterations in the amount of $249,640.00 to plaintiffs' residence. The contract was prepared, drafted, negotiated and amended by the architect and agent of the plaintiffs-owners. It was drawn on the American Institute of Architect Forms, consisted of eleven printed pages, Articles 1 through 21, 74 sub-paragraphs, architectural drawings, a detailed set of plans CT Page 6178 and specifications, a schedule of payments and a required Bid Form, Exhibit A. The contract provided in part that all claims or disputes were to be decided by arbitration and designates the plaintiffs' agent and architect to "make in initial decisions on all claims, disputes or other matters in question between the owner and contractor."
Defendant-contractor was apparently the successful bidder, performed on the contract and went to arbitration after a dispute arose. The arbitrator awarded defendant-contractor $6,900.00 and plaintiffs-owners $38,070.00, with administrative fees and expenses of the American Arbitration Association totaling $2,606.74 to be borne equally by the parties.
Plaintiffs have filed this action seeking to confirm their award and to vacate defendant's award. It is plaintiffs position that because the contract did not contain a three day right of recission for the owner it does not comply with 20 C.G.S. 419. Therefore, plaintiffs claim the arbitrator exceeded his authority in his award to the defendant as it was against public policy. Plaintiffs rely upon Caulkins v. Petrillo,200 Conn. 713 (1986) and Barrett Builders v. Miller, 215 Conn. 316
(1990).
Caulkins concerned an oral contract and the "sole issue in Barrett Builders was whether a contractor who failed to comply with Sec. 20-418, et seq. could nonetheless recover in quasi contract." Neither case is applicable to the instant situation where we have a comprehensive written contact prepared by the architect and agent for the plaintiff-owners. The defendant builder should not be held responsible for plaintiffs' errors and deficiencies. Plaintiffs' should not be allowed to accept the benefits of their own contract and then attempt to invoke a statute such as 20-429 to avoid payment. Plaintiffs are clearly attempting to use 20-429 as a sword rather than its intended legislative use as a shield. See the dissent in215 Conn. 316, supra.
The facts of this case simply do not place it within both the Home Solicitation Sales Act 42-134a, et seq. and 20-429.
Further, the issues involved have already been decided by the arbitration to which plaintiffs consented and participated.
Plaintiffs have not proved that "the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made "as required by Sec. 52-418 (a)(4); that the document in question was a "home solicitation sale" as defined in Sec. 42-134a(a) and also falling within the CT Page 6179 provisions of Sec. 20-429; and that his motion to vacate in part was made within thirty days from the notice of the award as required by Sec. 52-420(b).
Plaintiffs Application To Confirm Arbitration Award in Favor of Plaintiff and Vacate Arbitration Award in Favor of Defendant is denied.
BALLEN, JUDGE.