[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an interpleader action brought pursuant to General Statutes 52-484 to determine the rightful owner of certain rental payments from four condominium units at 18 Fairfield Avenue in Norwalk. The plaintiffs are the four tenants of units at that address and the law firm of Lepofsky, Lepofsky Lang, which has been holding the rent payments since May, 1990, by agreement of the parties. The defendants are Holmes Estates. Inc.; Ann Holmes, who claims to be the sole shareholder of Holmes Estates, Inc. (Holmes Estates); and Peter M. Holmes, son of Ann Holmes and Ralph W. Holmes, deceased. The Estate of Ralph W. Holmes, deceased, was subsequently added as a party defendant. On October 24, 1990, this court, Rush, J., entered an order for interlocutory judgment of interpleader, which required that the defendants interplead together to set forth their respective claims to the rent money presently being held by the plaintiff law firm. CT Page 4237
Peter Holmes claims that he is the rightful owner of a one half interest to the subject premises because the premises had been owned by his late father Ralph, who died in 1989, but who had, according to his answer to the complaint, "contributed said parcel to a joint venture conducted by himself and his son." Defendant Ann Holmes has now moved (#115) for summary judgment claiming that her son Peter has no interest in the subject premises and that she is entitled to judgment as a matter of law.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations and internal quotation marks omitted). Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, ___ A.2d ___ (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank 
Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations and internal quotation marks omitted.) Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838, ___ A.2d ___ (1994).
In support of her motion for summary judgment, the defendant Ann Holmes submitted her own affidavit, which states that the subject premises were owned by Holmes Estates. She attached to her affidavit a copy of the deed from Ronald M. Melmed, Trustee, to Holmes Estates, dated March 25, 1976, which was recorded in volume 988 at page 7 of the Norwalk land records. The affiant further states that she was the sole shareholder of Holmes Estates in March, 1985, when the corporation was dissolved. The affidavit in support of summary judgment also includes copies of CT Page 4238 six quit claim deeds dated October 18, 1989, conveying the condominium units in question from Holmes Estates, purportedly acting by Peter Holmes, its vice president, to himself as grantee. Also attached is a copy of a quit claim deed dated October 27, 1989, from Peter Holmes to Holmes Estates reconveying the units in question to the corporation, which was recorded in the Norwalk land records in volume 2388 at page 186. Mrs. Holmes also indicates that her late husband Ralph "never held a legal or equitable interest in or to" the subject premises, and that her son Peter, by executing the aforesaid quit claim deed, had released any possible interest he might have had to the subject premises.
The file does not indicate that defendant Peter Holmes submitted any counteraffidavit, other documents or a brief in opposition to Mrs. Holmes' motion. The Appellate Court has summarized the obligations of the nonmovant in a motion for summary judgment: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" and (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (Citations and internal quotation marks omitted). Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 166, 168-70, 604 A.2d 1339, aff'd224 Conn. 240, 618 A.2d 506 (1992). Peter Holmes has not submitted any papers opposing summary judgment. The failure to file a counteraffidavit does not mean that summary judgment should necessarily enter automatically; Batick v. Seymour,186 Conn. 632, 645, 443 A.2d 471 (1982); because the movant still has the burden of demonstrating the absence of a genuine issue as to a material fact. The nonmovant could still attack the sufficiency of the movant's affidavit; Evans Products Co. v. CT Page 4239 Clinton Building Supply, Inc., 174 Conn. 512, 514, 391 A.2d 157
(1978); but in this case the defendant has not done so. In the absence of a response to the movant's papers. "the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 43
(1986). The movant's papers demonstrate the absence of a genuine issue as to a material fact, and therefore Ann Holmes' motion for summary judgment may be and hereby is granted.
Accordingly, the funds currently being held by the law firm Lepofsky, Lepofsky Lang, as stakeholder, may be disbursed to the said Ann Holmes, less a reasonable attorney's fee and disbursements, to be fixed by this court on motion, and costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of April, 1994.
William B. Lewis, Judge