[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7304
The plaintiff has moved to strike the special defense of the defendant in which it is alleged that the plaintiff's claim for underinsured motorist benefits cannot be maintained because it was not brought within two years of the accident in which the plaintiff claims to have suffered injuries.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A bar to enforcement of a contract is properly raised by a motion to strike. Caulkins v. Petrillo,200 Conn. 713, 715 (1986).
The accident at issue in this case is alleged to have occurred on May 14, 1990. This suit was commenced by service on the defendant on February 1, 1993. The special defense to which the motion to strike is addressed is as follows: "The plaintiff failed to bring her claim or suit within two years of the accident as required by the policy."
Public Act 93-77, which took effect on May 20, 1993, provides in applicable part that "no underinsured motorist claim pending on December 8, 1992 or brought after said date and prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be . . . commenced for a period of time less than that allowed under § 38a-336 of the General statutes, as amended by § 2 of this Act."
The cited amendment, Section 2 of P.A. 93-77, expanded the time period for making uninsured and underinsured motorist claim under a motor vehicle policy to three years from the date of the accident, plus certain tolling periods.
The defendant takes the position that the cited provisions of P.A. 93-77 cannot constitutionally be applied to affect insurance contracts entered into before its passage.
Addressing a similar time limit in Aetna Life Casualty Co.v. Braccidiferro, 34 Conn. App. 833 (6/28/94), the Appellate Court has ruled that P.A. 93-77 applies to cases pending on December 8, 1992, and that such application does not violate either article first, §§ 1 and 10 of the state constitution or article one, § 10 of CT Page 7305 the United States constitution or the fourteenth amendment to the United States constitution.
The defendant has not asserted that the reasoning ofBraccidiferro is for any reason inapplicable to the case now before this court.
The plaintiff's motion to strike the defendant's special defense is granted, as the two-year limitation invoked by the defendant is unenforceable as a matter of law.
Beverly J. Hodgson, Judge