[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between a general contractor, a CT Page 10884 subcontractor, and a homeowner. The plaintiff is Edward Martin, d/b/a Professional Restorations, who claims that as a sheetrocking subcontractor he performed services and provided material in connection with the renovation of a home owned by the defendant, Ralph J. Berardi, and located on Stallion Trail Road in Greenwich. Also named as a defendant was the general contractor and architect for the project, Mario Montello.
In the first count of his four count complaint, the plaintiff alleges that from November and December, 1991, he furnished materials and rendered services at the plaintiff's home, that he was not paid approximately $11,000 that was owed him, and thereafter that he filed a mechanic's lien, pursuant to General Statutes § 49-33, which he now seeks to foreclose. In the second count, the plaintiff seeks recovery under the theory of quantum meruit. In the third count, the plaintiff claims that he is owed the amount in question by Montello pursuant to an oral agreement. In the fourth count, the plaintiff contends that the defendants were unjustly enriched. The defendants denied the allegations of the complaint, and filed a special defense that the plaintiff was not a registered home improvement contractor, General Statutes §§ 20-420(a), 20-427(b)(5) and 20-429(a)(8). It was also asserted that plaintiff did not have a written contract with the defendants, as required by General Statutes § 20-42(a)(1) of the Home Improvement Act.
In January, 1993, after the commencement of the action, Ennio Gallo, a laborer, moved to be made a party defendant. Gallo alleged in a cross claim, pursuant to Practice Book § 116, dated July 30, 1993, against the plaintiff Berardi, that he had also filed a mechanic's lien for $810.90 against the subject premises on account of some grass cutting and a cleanup in the spring of 1992 that he had performed for and at the request of Berardi, and that he sought to foreclose this mechanic's lien, including the recovery of attorney's fees. Berardi and Montello claimed that Gallo was not entitled to recover anything because, like Martin, he was not registered as a home improvement contractor under the Home Improvement Act, nor was there a contract in writing between the parties, and therefore Gallo did not have an enforceable contract.
This case was referred to Attorney Gordon R. Paterson, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed a report January 26, 1994 that CT Page 10885 indicated that the plaintiff was not registered as a home improvement contractor in this state, that the defendant homeowner never signed a contract with the plaintiff, and that since the work was covered by the Home Improvement Act, "the plaintiff cannot recover for the work performed." As pointed out in Caulkins v. Petrillo, 200 Conn. 713, 513 A.2d 43 (1986), a home improvement contract must comply with the statutory requirements of General Statutes § 20-429 in order to be valid. See also Barrett Builders v. Miller, 215 Conn. 316,576 A.2d 455 (1990). Moreover, the plaintiff Martin did not contest the referee's recommendation by filing either a motion to correct, Practice Book § 438, exceptions to the report, Practice Book § 439, or objections thereto, Practice Book § 440. Accordingly, the referee's recommendation that judgment enter in favor of the defendants Berardi and Montello in the action by the plaintiff is accepted and judgment may enter accordingly.
The referee also found that with respect to the action by Gallo, his services were "more in the nature of housekeeping rather than home improvement." Hence, the referee recommended that judgment enter in favor of Gallo for $765. The defendants did not contest this conclusion. However, Gallo also sought reimbursement for attorney's fees, which the referee did not recommend. Gallo then filed a motion to correct, but the referee declined to make any changes to his report.
The defendant Gallo thereafter filed exceptions to the referee's report pursuant to Practice Book § 439, including the required transcript, and objections to the acceptance of the report. Practice Book § 440. The exceptions and objections repeat the substance of the motion to correct and again contend that the referee's report should be amended to include a recommendation that he be awarded attorney's fees.
Regarding the scope of this court's authority in reviewing an attorney trial referee's recommendations as to the facts of a given case, it is very clear that such review is limited. The Connecticut Supreme Court has stated that: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may CT Page 10886 not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517
(1989). Our role is to determine whether the conclusions of fact and law by the referee "are legally and logically correct and whether they find support in the facts found by the referee."Bernard v. Gershman, 18 Conn. App. 652, 656, 559 A.2d 1171
(1989); Practice Book § 440.
The issue is whether the referee's conclusion that defendant Gallo was not entitled to recover for attorney's fees follows logically and legally from his factual findings. The referee's recommendation was based on the belief that the action by Gallo was based exclusively on the breach of an oral contract and hence that he would not be entitled to recover legal fees. However, Gallo's cross claim of July 30, 1993, has three counts, the first of which clearly seeks the foreclosure of a mechanic's lien, as do the prayers for relief. As Gallo points out, General Statutes § 51-249 permits the allowance of "a reasonable attorney's fee" in connection with "any action of foreclosure of a mortgage or lien." Therefore, although the referee's factual findings are accepted, it nevertheless appears that his conclusion that Gallo is not entitled to the award of legal fees is incorrect as a matter of law. "A referee's determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee . . . [t]he trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, supra,210 Conn. 713.
As to the amount of legal fees that are warranted in this case, the file indicates that Gallo presented a bill to the attorney trial referee for legal services in the amount of $750. However, after the referee recommended that no legal fees be awarded, and in connection with the filing of his exceptions and objections to the referee's report, Gallo now presents a bill of $4,875. There is nothing in the file to warrant such a marked increase for fees for post-trial legal work. An examination of the bill submitted by Gallo's counsel shows time expended for contesting the applicability of the Home Improvement Act, but the referee, as noted, had already concluded that this Act did not apply. Thus, the only additional legal work engendered by the refusal to recommend attorney's fees was to demonstrate to the CT Page 10887 court that the gravamen of Gallo's cause of action was the foreclosure of a mechanic's lien, and hence required the application of General Statutes § 52-249. Gallo's counsel's statement reflects that approximately ten hours at $150 an hour was expended in this regard. Therefore, an additional attorney's fee of $1,500 is awarded to defendant Gallo, and judgment may enter in favor of Gallo against defendant Berardi for $765, plus attorney's fees of $2,250, for a total of $3,015.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of October, 1994.
William B. Lewis, Judge