[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the Court is plaintiff's motion to dismiss the defendants' apportionment complaint on the grounds that the original defendants failed to return the apportionment complaint in a timely manner pursuant to General Statutes § 52-46a and failed to timely serve the plaintiff with a copy of the apportionment complaint
On March 14, 1996, Paul W. Pashley (plaintiff) filed a complaint against Charles Hairston, John J. Nissen Co., Inc., and John J. Nissen Baking Corporation (defendants) alleging negligence on the part of Hairston in the operation of a motor vehicle and vicarious liability on the part of John J. Nissen Co. and John J. Nissen Baking Corporation.
The plaintiff's complaint alleges that on March 4, 1994, the plaintiff was operating a motor vehicle traveling west on I-95; that, at the same time, a truck, driven by Charles Hairston and owned by the John J. Nissen Baking Corporation, was parked on I-95 between exits 19 and 18; that the defendants' truck was parked "partially on the shoulder of the highway with its rear extending into the right-most travel lane of the highway;" that the plaintiff's motor vehicle struck the portion of the defendants' vehicle extending into the travel lane; that the defendant was negligent in so positioning the truck; and that the plaintiff's injuries were the direct result of the defendant's negligence.
On May 16, 1996, the defendants filed an answer and special defense. The defendants denied the plaintiff's allegation of negligence and asserted contributory negligence as a special defense.
On June 27, 1996, the defendants filed an apportionment complaint, with a return date of July 2, 1996, against Daniel R. Little, Richard J. Walsh, and Ryder Truck Rental (apportionment defendants). Count one alleges that Richard Walsh was negligent in the operation of a truck, and that Walsh's negligence caused, in whole or in part, the alleged injuries of the plaintiff. Count two alleges that Daniel R. Little was negligent in the operation of a motor vehicle, and that Little's negligence caused, in whole or in part, the alleged injuries to the plaintiff. The defendants' apportionment complaint fails to articulate the ground for the liability of Ryder Truck Rental.
On October 11, 1996, the defendants filed a motion for CT Page 1466 default for failure to appear against Daniel R. Little, Richard J. Walsh, and Ryder Truck Rental. On October 18, 1996, the court granted the defendants' motion for default for failure to appear as to Daniel R. Little and Richard Walsh, but denied the motion for default as to Ryder Truck Rental.
On November 15, 1996, the plaintiff filed a motion to dismiss the defendants' apportionment complaint on the grounds of lack of personal and subject matter jurisdiction.
On January 6, 1996, at short calendar, the court received the defendants' memorandum in objection to the plaintiff's motion to dismiss the defendants' apportionment complaint and the plaintiff's supplemental memorandum of law in support of its motion to dismiss the defendants' apportionment complaint.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." Gurliacci v. Mayer, 218 Conn. 531, 544. "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person, . . . insufficiency of process, and . . . insufficiency of service of process." Knipple v.Viking Communications, 236 Conn. 602, 604 n. 3, (quoting Practice Book § 143). "The motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotations omitted.) Sadloski v. Town of Manchester,235 Conn. 637, 645 n. 13. "[I]n deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light[.] (Internal quotation marks omitted. ) Savage v. Aronson, 214 Conn. 256, 264. However, "[a] ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) DiscoverLeasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07.
The plaintiff moves to dismiss the defendants' apportionment complaint on the grounds that the court lacks both personal and subject matter jurisdiction due to improper return of service, improper service, and insufficiency of service of process. The plaintiff argues that the defendants' apportionment complaint should be dismissed, inter alia, because the defendants failed to return the apportionment complaint six days before the return date of July 2, 1996, as required by General Statutes §52-46a, and because the defendants failed to serve the plaintiff with a copy of the apportionment complaint as required by CT Page 1467 No. 95-111 of the 1995 Public Acts.
The plaintiff maintains that he did not receive notice of the apportionment complaint until November 1, 1996, and that, as a result of the defendants' failure to serve the plaintiff, the plaintiff is prejudiced thereby because he is precluded from any claims against the apportionment defendants, because the statutorily prescribed sixty day limitations period for bringing such claims expired prior to the plaintiff's receipt of notice of the apportionment complaint.
In opposition, the defendants argue that the plaintiff lacks standing to bring a motion to dismiss because a motion to dismiss "is a means for a defendant to attack jurisdiction. The applicable rules do not provide a means for parties other that [sic] those who are directly adverse to use a motion to dismiss." (Emphasis added.) The defendants "suggest that this matter could be resolved by the defendants . . . being permitted to amend the return day of the apportionment complaint pursuant to General Statutes § 52-72." The defendants contend that if the return date is amended, the plaintiff will have sixty days from the new return date to plead over against the apportionment defendants.
In his supplemental memorandum of law, the plaintiff argues that to permit the defendants to amend their return date is tantamount to extending the statute of limitation period to bring an apportionment complaint.
Public Act 95-111 applies to any civil action filed on or after July 1, 1995. Said act applies to this civil action.
Said act creates the "exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h . . . for a proportionate share of the plaintiff's damages as a party to the action." Section 1(f). In addition, the act requires that the "[t]he defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the superior court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, shall be a party for all purposes, including all purposes under 52-572h of the general statutes." Public Act 95-111, § 1. The apportionment defendant "shall have available . . . all remedies available to an original defendant including the right to assert defenses, CT Page 1468 set-offs or counterclaims against any party." Section 1(a)
Clearly the plaintiff has a direct interest in the jurisdiction of the court over an apportionment defendant and an original defendant's claims for apportionment. These issues significantly impact on the rights of the plaintiff to satisfy a judgment and to assert claims against the apportionment defendant and also to be subject to counterclaims by said apportionment defendant. There is no valid reason that plaintiff should not be permitted to pursue his motion to dismiss in order to resolve those issues of jurisdiction.
Public Act 95-111 instructs that an apportionment complaint "shall be equivalent in all respects to an original writ, summons and complaint. . . ." General Statutes § 52-46a states in pertinent part, "[p]rocess in civil actions . . . shall be returned . . . if returnable to the superior court at least six days before the return date." General Statutes § 52-46a.
In Rogozinski v. American Food Service Equipment Corp.,211 Conn. 431, the Supreme Court held that compliance with §52-46a "is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement."
In the present case, the summons, attached to the defendants' apportionment complaint, specifies a return date of July 2, 1996. The defendants' returned the process to the court on June 27, 1996, five days before the return date in violation of §52-46a.
To correct this defect, the defendants suggest that this court has the power to permit amendment to the return date pursuant to General Statutes § 52-72.
There is nothing defective with the defendants' writ, summons, or complaint in the present case. The defendants simply have failed to comply with the mandatory requirements for return of process set forth in § 52-46a. The plaintiff has properly raised the defect, and dismissal is mandatory.
In addition, defendants' failure to serve a copy of the apportionment complaint on the plaintiff pursuant to P.A. 95-111
is ground alone for dismissal. Public Act 95-111 is the "theexclusive means by which a defendant may add a person who is or CT Page 1469 may be liable pursuant to section 52-572h of the general statutes for a proportionate share of the plaintiff's damages as a party to the action." (Emphasis added.) Public Acts, 1995, 95-111. Pursuant to § 1(a) of P.A. 95-111, "the defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rule of practice of the superior court on or before thereturn date specified in the apportionment complaint." (Emphasis added.)
"The use of the word `shall' by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." Caulkins v. Petrillo, 200 Conn. 713, 717. The legislature has used both the words "may" and "shall" in different sections of P.A. 95-111. The words "shall" and "may" must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings. (Internal quotation marks omitted.) Id.
Accordingly, plaintiff's motion to dismiss the defendants' apportionment complaint is granted on the grounds that the original defendants failed to return the process to the court six days before the return date as required by General Statute §52-46a and failed to serve the plaintiff timely with a copy of the apportionment complaint.
Fracasse, J.