[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action brought by the plaintiff, Frank Giglio, the owner of a construction company, for work allegedly performed for the defendant, Villa Sol D'Or Condominium Association ("Villa") and not paid for. In count two of his complaint, Mr. Giglio alleges the following facts:
Mr. Giglio and Villa agreed that Mr. Giglio would repair the roofs on buildings 4 through 8 "including all connectors, excluding the main entrance of building #2, consisting of applying patches, reconstructing drainage, installation of flashing and metal edges at the rate of $45.00 per hour per person." (Complaint, count two, ¶ 3). Mr. Giglio began the roof repairs on March 21, 1994 and completed the project on April 10, 1994. Mr. Giglio presented Villa with a bill on April 20, 1994, in the amount of $19,600, which Villa has not paid. CT Page 4442
On January 23, 1998, Villa filed a motion for summary judgment on count two of Mr. Giglio's complaint on the ground that the contract was unenforceable because it did not comply with General Statutes §§ 20-418 et seq., the Home Improvement Act. Villa filed a memorandum of law and four affidavits in support of their motion. Mr. Giglio filed a memorandum of law, four uncertified exhibits and Mr. Giglio's affidavit in opposition to the defendant's motion for summary judgment.
Discussion
With respect to motions for summary judgment, practice Book section 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted).2830 Whitney Avenue Corp. v. Heritage Canal Develop mentAssociates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994).
Villa contends that any agreement between it and the plaintiff was oral and, therefore, unenforceable because it did not comply with the provisions of the Home Improvement Act, General Statutes §§ 20-418 et seq.[1] Therefore, Villa asserts that they are entitled to summary judgment as a matter of law.[2]
"We must presume, in the absence of any indication to the contrary, that the legislature intended the statute [the Home Improvement Act] to be interpreted exactly as it is written; that is, [n]o home improvement contract shall be valid unless it is in writing.'" Caulkins v. Petrilllo, 200 Conn. 713, 720,513 A.2d 43 (1986). "[T]he Home Improvement Act has been consistently interpreted by our Supreme Court to bar a contractor from recovery under every imaginable legal theory where a written contract either does not exist or fails to conform to the CT Page 4443 requirements of the Home Improvement Act." Ellington Drywall,Inc. v. Gerrow, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566339 (May 6, 1997, Lavine, J.).
Mr. Giglio does not dispute that the parties' contract is subject to the Home Improvement Act. Mr. Giglio, asserts however, that the parties did have a written contract that substantially complied with the requirements of the Home Improvement Act. Mr. Giglio appended a document entitled "Proposal" to his Brief in Opposition to Defendant's Motion for Summary Judgment, dated January 27, 1998, in support of his claim that the parties had a written agreement. That "Proposal," however, on its face, is not the same contract that is in issue in count two of Mr. Giglio's complaint. In count two, Mr. Giglio gives the following description of the contract in dispute:
 The Plaintiff, Frank Giglio, and the defendant, Villa Sol D'Or Condominium Association, Inc., entered into an agreement whereby the plaintiff would repair roofs on building 4 through 8, including all connectors, excluding the main entrance of building #2, consisting of applying patches, reconstructing drainage, installation of flashing and metal edges at the rate of $45.00 per hour per person. (Complaint, ¶ 3).
 The Plaintiff, Frank Giglio, presented a bill to the Defendant, Villa Sol D'Or Condominium Association, Inc., on April 20, 1994 for materials, labor and tax in the amount of $19,600.00. (Complaint, ¶ 5).
In contrast, the "Proposal" dated December 24, 1993 and submitted by Mr. Giglio as evidence of the agreement between the parties in issue in count two states the following:
 We hereby propose to furnish all the material and perform all the labor necessary for the completion of Installation of approx. 18,000sq. ft. of Bird Weather Wood 25 year warrantee designer shingle. Sections of mansard that have been started will be completed as they erer (sic) started. All other sections will be properly stripped off old roofing materials and new felt and flashings installed before shingle application. All debris from the portion of job completed by me will be properly removed from job site and disposed CT Page 4444 of. $28,9000 plus tax.
While both agreements involve roof repairs and the installation of flashings, the other work called for is different. Moreover, the "Proposal" does not describe which buildings' roofs were to be repaired. The agreement described in count two, however, specifically states that roof repair work was to be performed on buildings #4 through #8. Finally, the "Proposal" contains the total cost of the work, while the contract described in count two merely states that the cost will be $45.00 per hour per person.[3]
Additionally, Mr. Giglio did not plead this "Proposal" with his complaint as evidence of the contract. Instead, Mr. Giglio submitted a copy of the bill for repairs made on building #4 through #8. Also, in Mr. Giglio's response to Villa's interrogatories, he stated that the contract in issue in count two, paragraph three of his complaint was an oral agreement. (Affidavit of James Gulalo, December 30, 1997, Exhibit A "Answer to Defendant's Interrogatories").
Moreover, Mr. Giglio's contention to the contrary notwithstanding, this "Proposal" does not comply with the Home Improvement Act either. If the allegations in count two of Mr. Giglio's complaint are part of this "Proposal", then the "Proposal" does not contain the entire agreement between the parties. It does not contain the date of the transaction. It does not contain a notice of the owner's cancellation rights in accordance with the provision of chapter 740. Additionally, it does not contain a starting and a completion date. In short, this "Proposal" only complies with four of the eight requirements of the Act. Accordingly, it is invalid and unenforceable against Villa.
In conclusion, Mr. Giglio has failed to raise a genuine issue of material fact in his supporting documents that the parties' agreement in count two was in writing and complied with the Home Improvement Act. Villa, therefore, is entitled to judgment as a matter of law. Accordingly, Villa's motion for summary judgment is hereby granted.
Dated at Waterbury, Connecticut this 14th day of April, 1998.
BY THE COURT, CT Page 4445
ESPINOSA, J.