[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS APPORTIONMENT COMPLAINT #111
The plaintiff, a passenger in an automobile owned by Rosa Rivera and operated by Rosa Ramirez was allegedly injured in an auto accident when the vehicle she was riding in was struck by a auto operated by the defendant Smith. The plaintiff brought this action only against Smith by complaint dated January 22, 1998. On April 21, 1998 the defendant filed an apportionment complaint against Rivera and Ramirez with a return date of May 5, 1998. The plaintiff did not receive a copy of the apportionment complaint CT Page 10022 until June 23, 1998. The defendant admits in his brief dated April 14, 1999 that the apportionment complaint "was missing a certification page stating that a copy of the apportionment complaint was mailed to the plaintiff's counsel". On May 18, 1998 the defendant filed an crossclaim against both apportionment defendants (Ramirez and Rivera). The defendant mailed a copy of the crossclaim to the plaintiff.
On October 2, 1998, the plaintiff filed a motion to dismiss the defendant's apportionment complaint on the ground that the plaintiff was not timely served with a copy of the apportionment complaint in accordance with No. 95-111 of the 1995 Public Acts.[1]
The plaintiff contends that the defendant failed to serve her with a copy of the apportionment complaint on or before the return date specified in the apportionment complaint, as is required under § 52-102b. The defendant argues that he properly served all apportionment defendants, and that since he served a crossclaim against the apportionment defendants and mailed the plaintiff a copy of the pleading, the plaintiff had constructive notice of the apportionment complaint.
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself. . . . The legislature is the branch of government empowered to bestow subject matter jurisdiction upon the courts . . . If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch through Practice Book provision or otherwise. . . . A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way. . ." (Citations omitted; internal quotation marks omitted.) HUD/Barbour-Waverlyv. Wilson, 235 Conn. 650, 656-57, 668 A.2d 1309 (1995).
Further, "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 766-67,628 A.2d 1303 (1993). CT Page 10023
Connecticut General Statutes § 52-102b provides in relevant part: "(a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendantfiling an apportionment complaint shall serve a copy of suchapportionment complaint on all parties to the original action inaccordance with the rules of practice of the Superior Court on orbefore the return date specified in the apportionment complaint."
(Emphasis added.) General Statutes § 52-102b (a). In the present case, the return date specified in the apportionment complaint was May 5, 1998. The plaintiff was faxed a copy of the apportionment complaint by the defendant on June 23, 1998, fifty days after the return date.
Although at least one trial court has held that the language of § 52-102b is directory and not mandatory; see Ketchale v.Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1998, Levin, J.); this is against the weight of the majority of decisions which have held parties to strict compliance with the time requirements of §52-102b. The judges of the superior court: have routinely disallowed untimely apportionment complaints. See, e.g., Vernerv. Lovallo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161204 (October 13, 1998, D'Andrea, J.);McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (January 6, 1998, Martin,J.); Winiarski v. Hall, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.); Witkin v. Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997, D'Andrea,J.).
This court has recently recognized this notion. In Rabdishtav. Colon, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 140499 (April 27, 1999, Pellegrino, J.), this court declined to follow Ketchale v. Unger, supra, and instead held that the plaintiff, who filed an apportionment complaint more than one year after the return date, violated CT Page 10024 § 52-102b and granted the motion to dismiss the apportionment complaint.
In Pashley v. Hairston, Superior Court, judicial district of New Haven at New Haven, Docket No. 384639 (February 14, 1997, Fracasse, J.), a case strikingly similar to the present case, the court granted the plaintiff's motion to dismiss the defendant's apportionment complaint and concluded that, "[the] defendants' failure to serve a copy of the apportionment complaint on the plaintiff pursuant to P.A. 95-111 [General Statutes §52-102b] is ground alone for dismissal." Id. The court looked to the language of the statute in reaching its decision, and noted that, "[t]he use of the word `shall' by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." (Internal quotation marks omitted.) Id., citingCaulkins v. Petrillo, 200 Conn. 713, 717, 513 A.2d 43 (1986). "The legislature has used both the words `may' and `shall' in different sections of [the statute]. The words `shall' and `may' must then be assumed to have been used with discrimination and a full awareness of the differences in their ordinary meanings." Id.
"Where statutory language is clearly expressed . . . courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." (Internal quotation marks omitted.)Johnson v. Manson, 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813, 88 L.Ed.2d 787 (1986); see also Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, 22,698 A.2d 354 (1997). In this state, the appellate court has concluded that "General Statutes § 52-102b is clear and unambiguous." Paul v. McPhee Electrical Contractors, supra,46 Conn. App. 22.
The defendant failed to serve the plaintiff with a copy of the apportionment complaint within the time required by §52-102b. The court finds that the notice provision must be complied with and rejects the defendants argument that it can be satisfied with a showing of constructive notice.
The court will therefore grant the plaintiff's Motion to Dismiss the Apportionment Complaint.
PELLEGRINO, J. CT Page 10025