[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, K. Builders Remodelers, Inc., filed an action for foreclosure of a mechanic's lien against the defendants, Thomas J. Curioso and S. Jill Curioso, on June 8, 2001. The plaintiff alleges in its complaint that it entered into a contract with the defendants on or about May 15, 1998, to make certain improvements to the property owned by the defendants and located at 26 Pequot Trail, Stonington, Connecticut. The plaintiff commenced work on May 15, 1998, and completed the work on April 15, 2000. The plaintiff alleges that the value of the work performed was $32,457.65, and that a balance of $7,343.65 remains unpaid. On July 6, 2000, the plaintiff filed a certificate of mechanic's lien to secure the $7,343.65 balance.
On July 13, 2001, the defendants filed a motion to strike the entire complaint on the ground that the plaintiff's claim is legally insufficient. On August 21, 2001, this court granted the defendants' motion to strike.[1] On September 25, 2001, the plaintiff filed a motion for reconsideration. The court granted the plaintiff's motion for reconsideration on October 1, 2001. Thereafter, the plaintiff submitted a memorandum dated December 6, 2001, in support of its objection to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 4712709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997).
"Prior to the amendment of . . . Practice Book § [10-42 in 1989], a party who failed to timely file a memorandum of law in opposition to a motion to strike was deemed to have consented to the granting of the motion. . . . With the deletion of the foregoing provision from section [10-42], the failure to timely file an opposing memorandum will notnecessarily be fatal and the court may therefore address the merits of the motion. However, despite the amendment to . . . Practice Book § [10-42], the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike." Barbagallo v. Rob's Automotive, Superior Court, judicial district of New Britain, Docket No. 494861 (December 3, 1999, Wollenberg, J.).
In the present case, the court initially granted the defendants' motion to strike due to the plaintiff's failure to file an objection. Since the court granted the plaintiff's motion for reconsideration, the court now reconsiders the motion to strike based upon the merits.
The defendants argue that the plaintiff's complaint is legally insufficient because the plaintiff has failed to comply with the Home Improvement Act by failing to allege that (1) the plaintiff is a licenced home improvement contractor; (2) the agreement between the plaintiff and the defendants is in writing; (3) the agreement was signed by both the owner and the contractor; (4) the agreement contains a notice of the owner's cancellation rights; and (5) the agreement contains a starting date and a completion date.
In opposition, the plaintiff argues that the defendants have attempted to use their motion to strike to plead their defenses.[2] The plaintiff argues that the motion to strike should not be granted because it "goes beyond a claim of legal insufficiency of the allegations and speaks of facts and defenses outside of the complaint."
The Home Improvement Act states, in pertinent part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) [i]s in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights . . . (7) contains a starting date and completion date, and (8) is entered into by a . . . registered contractor." General CT Page 4713 Statutes § 20-429 (a).
The Supreme Court has held that an agreement may be unenforceable when the Home Improvement Act is applicable and that the plaintiff has failed to comply with the Act's provisions. See Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 350, 576 A.2d 149 (1990) (no recovery in quasi contract because plaintiff alleged oral contract; therefore, failed to comply with Act's written contract requirement); Barrett Builders v.Miller, 215 Conn. 316, 326, 576 A.2d 455 (1990) (plaintiff barred from recovery in quasi contract because alleged oral contract); Caulkins v.Petrillo, 200 Conn. 713, 720, 513 A.2d 43 (1986) (enforcement of oral contract barred by Home Improvement Act).
On the other hand, if "there is no allegation contained in the complaint which compels a conclusion that the claim asserted falls within the definition of a "home improvement' as set forth in General Statutes [§] 20-419 (4)," then a motion to strike is inappropriate. GrassoPaving Landscaping, Inc. v. Five Twenty-One Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 120669 (January 30, 1992, Rush, J.). "[W]here the application of the Act is not apparent on the face of a complaint, the Act would be more properly plead as a special defense, wherein sufficient facts to establish the Act's applicability and effect may be plead and proven." Mill Wan MechanicalContractors v. Elliott, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 375971 (January 30, 1992, Hennessey,J.).
In the present case, the plaintiff's complaint does not contain any allegations which would lead to the conclusion that the Home Improvement Act is applicable. Viewing the allegations in the light most favorable to the plaintiff, the court finds that the complaint states a legally sufficient claim. Accordingly, because there are no allegations in the complaint compelling the conclusion that the Home Improvement Act is applicable, the defendants' motion to strike is denied.
Martin, J.